[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON APPLICATION TO DISSOLVE MECHANICS LIEN
Before the court is the application of Nutmeg Housing Development Corporation to dissolve a mechanics lien placed on its premises by Acequia Construction, Inc.
The plaintiff Nutmeg claims there is no probable cause to sustain the validity of such a lien, and defendant Acequia contends there is.
The first issue to be decided is whether or not Acequia gave up or waived the right to lien the premises.
The contract between the parties provides that:
 "Before issuance of any progress payment hereunder, the contractor shall submit evidence satisfactory to the Owner that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Contractor's work have been satisfied, and that all rights to liens therefor, including the rights of the Contractor, have been expressly waived."
As to final payment, the contract provides that:
 "Before issuance of the final payment, the contractor shall submit evidence satisfactory to the Owner that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Contractor's work have been satisfied, and that all rights to liens therefor, including the rights of the Contractor, have been expressly waived."
Two lien waivers were executed respectively on August 5, 1994 and September 14, 1994. They, by their terms, covered work only up through July 29th and September 13th respectively. Therefore neither could be deemed to be an absolute waiver preventing this lien. CT Page 4498
However, the earlier lien waiver dated June 17th, 1994, purported to waive all lien rights.
 "In consideration of the sum of $107,460.00 Dollars and other good and valuable considerations, the receipt whereof is hereby acknowledged, do hereby waive and release any and all lien, or claim or right to lien on said above described building and premises under the Statutes of the State of Connecticut relating to Mechanics' Liens, on account of labor or materials, or both, furnished or which may be furnished, by the undersigned to or on account of the said firm or individual therein named for said building or premises."
That document purports to waive or give up all lien rights, not just for labor or material already furnished but for those "which may be furnished" in the future.
The court is puzzled by these documents. The obvious question they raise is: If an absolute waiver was intended for any future work, why do subsequent waiver forms restrict their ambit to the later dates of July 29th and September 13th? Since the court finds that a reasonable person standing in Acequia's shoes could entertain a belief that it has not fully and finally given up its right to the statutory lien provided in Section 49-33
of the statutes, the court will not dissolve the liens on the grounds that an absolute waiver had been executed.
There really is no dispute between the parties that the following contract payments had been made:
(1) $194,525.00
(2) $107,460.00
(3) $85,202.00
(4) $111,600.00
(5) $35,062.00
On December 7th, 1994, the Acequia Company stopped doing work and put a $140,000.00 lien on the premises. Testimony by CT Page 4499 the corporate president broke down the lien as including bills of $110,000.00 and $16,000.00 received from Iappaluccio, an excavation subcontractor and $14,000.00 for the contractor's own overhead and profit.
Acequia, the contractor, admits to taking its profits for the entire job out of the progress payments paid to date, and withholding payments owed the subcontractor, Iappaluccio. The contract provides that:
 "Payments to the Contractor may be withheld on account of. . . .
 3) failure by the contractor to make payments properly to subcontractors or for labor, materials or equipment;"
A reasonable person would find that approximately 55% of the contract work has been done and paid for, but that weighing probabilities, the lienor Acequia could not reasonably entertain the good faith belief that it was entitled to a $140,000.00 lien on Nutmeg's land where it had withheld payment from its principal subcontractor while taking all of its job profit out of the previous progress payments made. The owner expressly reserved the right to stop making payments where the general had not made proper payment to its subs. Furthermore, the Acequia Company has not established probable cause that any money is now due and payable. The weight of the evidence is that nothing is due. While there is some evidence that Mr. Vitale, the field inspector for C.H.F.A., once signed off that an additional $23,710.00 from mortgage funds could be disbursed from loan advances, testimony of an architect was that far less than that was appropriate. Sums owed to the sub by Acequia, the general, far exceed that amount. Probable cause has not been established and the lien is ordered dissolved and released.
FLYNN, J.